# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| HOLLY POLITTE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:19 CV 340 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Holly Politte seeks to vacate, set aside or correct her sentence under 28 U.S.C. § 2255. Pursuant to a written plea agreement, Politte pled guilty to conspiracy to distribute more than fifty grams of actual methamphetamine. On March 26, 2018, I sentenced her to a total term of 180 months imprisonment, plus five years of supervised release, which was the sentence jointly recommended by the parties and agreed to in the guilty plea agreement. Criminal Case No. 4:16CR426 CDP. Politte did not appeal.[1] She then filed a § 2255 motion, alleging the following grounds for relief:

1) Ineffective assistance of counsel because her attorney failed to conduct an adequate pretrial investigation and negotiate a favorable plea agreement; and

---

[1] Politte signed an admission that she was "fully informed of [her] right to appeal the final judgment in this case" and that she did not wish to file a notice of appeal and instructed her attorney not to file an appeal. [Doc. # 2064 in Case No. 4:16CR426 CDP].

2) Ineffective assistance of counsel for failing to explain the Presentence Investigation Report prior to sentencing, file objections to the PSR, or argue that she should have been sentenced for a mixture of methamphetamine rather than actual methamphetamine.

I will deny Politte's motion without an evidentiary hearing for the reasons that follow.

## Discussion

### A. No Evidentiary Hearing is Required

The records before me conclusively demonstrate that Politte has no right to relief. I will not hold an evidentiary hearing on this matter. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (internal quotation marks and citations omitted). The record here conclusively refutes the claims, so I will not hold an evidentiary hearing.

### B. Politte Did Not Receive Ineffective Assistance of Counsel

Politte brings claims of ineffective assistance of trial counsel. The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Politte must prove two elements

of the claim. First, she "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.* Second, Politte "must show that the deficient performance prejudiced the defense." *Id.* at 687. This requires her to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The court need not address both components if petitioner makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995). Under these standards, Politte did not receive ineffective assistance from her attorney.

In her first ground for relief, Politte alleges that her attorney was constitutionally ineffective for failing to "investigate or hire a private investigator to examine the evidence against Politte." Politte fails to demonstrate any resulting prejudice from this alleged error as she does not state what an investigator would have uncovered that would have caused her to go to trial instead of pleading guilty, an essential element of her ineffective assistance of counsel claim. *See United*

*States v. Frausto*, 754 F.3d 640, 643 (8th Cir. 2014) ("In order to demonstrate prejudice where, as here, a petitioner challenges the validity of [her] guilty plea, the petitioner must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial.") (internal quotation marks and citation omitted); *Tran v. Lockhart*, 849 F.2d 1064, 1067 (8th Cir. 1988) (a petitioner must provide the court "with the type of specific facts which would allow . . . an intelligent assessment of the likelihood that [a petitioner] would not have ple[]d guilty."). Politte appears to be arguing now that she is not actually guilty of conspiring to distribute more than fifty grams of actual methamphetamine, an argument that is foreclosed in light of the admissions she made in her written plea agreement and under oath at her plea colloquy. Politte's signed plea agreement states that she "knowingly and intentionally joined in the agreement or understanding [to distribute actual methamphetamine]" and that "the amount of actual methamphetamine involved in the offense and attributable to defendant by virtue of her own conduct is more than 50 grams." [Doc. # 1715 in Case No. 4:16CR426 CDP]. In addition, at her plea hearing I asked Politte if all the facts contained in her plea agreement were true and she responded, "Yes, Your Honor." [Doc. # 2362 at 10 in Case No. 4:16CR426 CDP]. When I asked her if there was any part of her plea agreement that she did not understand or disagreed with, Politte responded, "No." [Doc. # 2362 at 10 in

4

Case No. 4:16CR426 CDP]. I then recited the facts as described in the plea agreement and asked her if they were true, and she responded, "Yes, Your Honor." [Doc. # 2362 at 11-12 in Case No. 4:16CR426 CDP]. Finally I asked Politte if she agreed "that the amount of methamphetamine reasonably foreseeable to you is more than four and half kilograms of actual methamphetamine," and she responded, "Yes, Your Honor." [Doc. # 2362 at 12 in Case No. 4:16CR426 CDP]. Politte made those statements to me under and cannot contradict them now. "[D]ispositions by guilty plea are accorded a great measure of finality" and "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 71, 74 (1977). Therefore, "[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74.

As for her generic complaint that counsel should have negotiated a better plea deal, Politte again fails to demonstrate resulting prejudice from any alleged error entitling her to relief. In fact, counsel negotiated a recommended sentence of 180 months and ably advocated for petitioner at sentencing, resulting in Politte obtaining the recommended sentence, which was a substantial variance from the advisory guidelines range of 292 to 365 months. Additionally, because of her numerous prior felony drug convictions, including one from this court, Politte was

5

classified as a career offender under the sentencing guidelines. [Doc. #2025 in Case No. 4:16CR436CDP]. Had the United States filed an enhancement under 21 U.S.C. § 851 based on any one of those prior drug trafficking crimes, she would have faced a mandatory minimum sentence of 20 years imprisonment. Had the government filed an enhancement based on two of those convictions, she would have faced a mandatory term of life in prison [*Id.*, Presentence Report at Paragraph 158]. Under these circumstances, Politte cannot maintain an ineffective assistance claim as a matter of law. Ground 1 of Politte's § 2255 motion is denied.

In Ground 2 of her § 2255 motion, Politte argues that her attorney was ineffective at sentencing for failing to explain the PSR to her, file objections to the PSR, or argue that she should be sentenced under the guidelines applicable to a "mixture or substance containing methamphetamine" instead of the guidelines applicable to "actual methamphetamine." These claims are again refuted by the representations Politte made to me under oath. When I asked Politte at sentencing whether she had the opportunity to review the PSR and discuss it with her attorney, she assured me that she had. I then asked her whether she had any objections to the PSR and she responded that she did not. These representations made to me in open court cannot be contradicted now. Politte claims that her attorney should have argued for a sentence under the guidelines applicable to a "mixture or substance containing methamphetamine" instead of the guidelines applicable to

6

"actual methamphetamine." Any such argument, whether raised in an objection to the PSR or at sentencing, would have been summarily denied as meritless given that Politte pled guilty to conspiring to distribute "**actual methamphetamine**." (emphasis supplied) [Doc. # 1715 in Case No. 4:16CR426 CDP]. As counsel cannot be ineffective for failing to raise or win a meritless argument, this ineffective assistance of counsel claim fails as a matter of law. *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994). To the extent Politte is attempting to argue that I should use the mixture guidelines in cases involving actual methamphetamine, I do not find the argument persuasive, especially in this case where counsel successfully obtained a downward variance of 112 months below the low end of the guidelines range for Politte. Ground 2 of Politte's § 2255 motion is denied.

### C. I Will Not Issue a Certificate of Appealability

As Politte has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Holly Politte's motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255 [1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Politte has not made a substantial showing of the denial of a federal constitutional right.

                                                                                                                                                                            _____
                                                        CATHERINE D. PERRY
                                                        UNITED STATES DISTRICT JUDGE

Dated this 10th day of June, 2019.